Per Curiam.

Petitioners were tried pursuant to a notice of hearing which stated that a hearing would be held upon the revocation of their retail liquor license upon the ground that they had permitted alcoholic beverages to be sold, delivered or given away to a minor under the age of eighteen years, resulting in the arrest of one John H. Stetson. Stetson was the bartender, and was arrested on February 8, 1950, on a charge of selling to a minor named James Pate. The case is still pending in the Court of Special Sessions. The notice of hearing thus, in effect, charged a violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law on February 8, 1950, but the hearing commissioner permitted evidence that Pate had purchased liquor at petitioners’ store on an occasion or occasions prior to that date. Such evidence was introduced, not as bearing on the punishment, but as evidence of the commission of the offense charged. Petitioners were entitled to be apprised in advance of the charges preferred against them and, if evidence of some prior sale to a minor was to be introduced, petitioners should have been given opportunity to prepare to meet such a charg’e.
Petitioners’ license was suspended for the considerable period of thirty-five days.
By reason of these circumstances, the petition should be sustained to the extent that the determination by the State Liquor Authority suspending petitioners’ license for the period beginning on May 25, 1950, and ending on June 29, 1950, should be annulled and the proceeding remanded to the State Liquor *103 Authority for a new hearing, pursuant to a new notice if any charges, in addition to that specified in the notice given, are to be relied upon.
Peck, P. J.. Glennon, Dore, Van Voorhis and Shientag, JJ., concur.
Petition sustained to the extent that the determination by the State Liquor Authority suspending petitioners’ license for the period beginning on May 25, 1950, and ending on June 29, 1950, is annulled and the proceeding remanded to the State Liquor Authority for a new hearing, pursuant to a new notice if any charges, in addition to that specified in the notice given, are to be relied upon. Settle order on notice.